**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| GREAT PLAINS TRUCKING, INC., | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-4850-TC-GEB |
| | ) |
| NAVISTAR, INC. and | ) |
| ROBERTS TRUCK CENTER OF | ) |
| KANSAS, LLC, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER**

This matter comes before the Court on Defendant Navistar, Inc.'s Motion to Compel Discovery from Plaintiff **(ECF No. 60)**. On September 10, 2021, the undersigned held a Zoom discovery conference. Plaintiff appeared through counsel, Warren Armstrong, Gerald Lee Cross, Jr., and Casey Yingling. Defendants appeared through counsel, Drew Thomas, John Patterson, and Tyler Stewart.

Following a thorough discussion during the discovery conference, counsel for Plaintiff conferred with its client. Plaintiff prefers to supplement its responses and complete document production as discussed during the conference in lieu of submitting a formal response to Defendant's motion. Defendant Navistar, Inc.'s Motion to Compel Discovery from Plaintiff **(ECF No. 60)** is **GRANTED IN PART** and **DENIED IN PART.** Plaintiff shall supplement its discovery responses and document production as set out below.

1

Responses to Request for Production Nos. 69 and 70

These requests seek documents related to Plaintiff's financial condition and/or lost revenue and seek documents including tax returns, financial statements, profit and lost statements, ledgers, income statements, balance sheets, and financial reports from 2008 through the present. Plaintiff objects the requests are overbroad in time and scope, are vague, and seek documents not reasonably calculated to lead to discoverable evidence but responded that without waiving its objections, "Please see documents produced for the relevant time period."

The Court disagrees the requests are vague. Where Plaintiff alleges they have suffered financial loss due to the diminished resale value of the trucks at issue, lost profits and/or cover damages, and other economic damages, the Court finds the requests are relevant to the claims and defenses in the case and proportional to the needs of the case.

However, the Court agrees the requests are overbroad in time. The timeframe at issue in the Amended Complaint is 2010-2012. Plaintiff agreed to produce documents from two years prior to the purchase of the trucks at issue through the period it owned or leased those trucks. Thus, The Court finds seeking financial documents from 2008 is not overbroad.

Plaintiff, however, no longer owns the trucks at issue, so requesting financial documents through the present is overbroad and burdensome. The Court finds the end date for the production of Plaintiff's financial documents is two years after the last of the trucks at issue were sold. Plaintiff shall produce the requested financial documents for the time period above no later than **October 1, 2021**.

Responses to Request for Production No. 71

This request seeks depositions or other testimony of Plaintiff's employees or officers that in any way pertains to its profits, income, expenses, revenue, or other financial matters. Plaintiff objects the request is overbroad in time and scope, is vague, and seeks documents that are not reasonably calculated to lead to discoverable evidence. It went on to answer saying "[a]fter a diligent search Plaintiff has not been unable to locate any documents responsive to Defendant's request." After a through discussion with Plaintiff and learning that no documents were withheld from production pursuant to Plaintiff's objection, the Court finds no additional response to this request is necessary.

Based on the foregoing, Plaintiff shall produce documents responsive to Request for Production Nos. 69 and 70 as set out above. The Court will set a Zoom Status Conference on **November 8, 2021 at 11:00 a.m.** The parties should be prepared to discuss the status of written discovery and whether any modification to the Scheduling Order is needed.

**THEREFORE**, Defendant Navistar, Inc.'s Motion to Compel Discovery from Plaintiff **(ECF No. 60)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS SO ORDERED.**

Dated September 14, 2021.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
U.S. Magistrate Judge